**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

WARREN DWIGHT DAVIS,

     Plaintiff,

 v.

THE SHIELD CO MANAGEMENT, LLC,

     Defendant.

_____/

## **COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff WARREN DWIGHT DAVIS ("Davis") brings this action against Defendant THE SHIELD CO MANAGEMENT, LLC ("Shield") and alleges as follows:

1.    This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.    At all times material hereto, Plaintiff was a resident of Florida and an "employee" of Defendant as defined by the FLSA.

3.    At all times material hereto, Shield was a Florida corporation that regularly transacted business in Broward County, Florida.

4.    Upon information and belief, Shield's gross sales or business generated was over $500,000 per year at all times material hereto.

5.    Shield has employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce, including but not limited to computers, phones, pens, and paper.

1

6. Shield was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

7. Shield operates a business engaged in pest control services.

8. Davis worked for Defendant as a pest control technician.

9. Defendant failed to pay Davis' full and proper overtime wages.

10. Davis customarily and regularly received more than $30 a month in tips and, therefore, was a tipped employee as defined by 29 U.S.C. 203(t).

11. Davis received tips and Defendants kept them and illegally retained them.

12. Defendants improperly withheld and misappropriated tips belonging to Davis in violation of 29 U.S.C. 203(m)(2)(B).

13. Defendants failed to pay Davis' full and proper tips.

14. Defendant knowingly and willfully refused to pay Plaintiff's legally-entitled wages.

15. Attached as **Exhibit A** is a preliminary calculation of Davis's claims including date ranges, hours worked, rates of pay, unpaid tips, and unpaid wages; these amounts may change as Plaintiff engages in the discovery process.

16. Plaintiff retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## <u>VIOLATION OF THE FAIR LABOR STANDARDS ACT</u>

17.     Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-16 above as if set forth herein in full.

18.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiff is entitled to (i) unpaid tips, (ii) time-and-a-half overtime pay, and (iii) liquidated damages.

19.     Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendant, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:     (786) 924-9929
Fax:     (786) 358-6071
Email: dc@kozlawfirm.com

Dillon S. Cuthbertson, Esq.
Florida Bar No. 1056382