UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.: 0:25-cv-60288-WPD

WARREN DWIGHT DAVIS,

     Plaintiff,

     v.

THE SHIELD CO MANAGEMENT, LLC,

     Defendants.

_____

### THE SHIELD CO MANAGEMENT, LLC'S ANSWER TO COMPLAINT

Defendant THE SHIELD CO MANAGEMENT, LLC ("Shield"), by and through its undersigned counsel, hereby answers the Complaint filed by WARREN DWIGHT DAVIS ("Plaintiff") as follows:

1.     Shield admits that Plaintiff purports to bring a claim under the Fair Labor Standard Act 29 U.S.C. §§201-209 ("FLSA"). Shield further admits that this court has original jurisdiction over this case. Shield denies the remaining allegations of paragraph 1, including but not limited to any allegation or implication that it violated any law, including but not limited to the FLSA.

2.     Shield admits that Plaintiff was an employee of Shield. Shield is without information as to the truth or falsity of the allegation that Plaintiff was a resident of Florida at all material times and therefore denies that allegation.

3.     Shield admits that it transacts business in Broward County, Florida. Shield denies the remaining allegations of paragraph 3.

4.     Shield denies the allegations of paragraph 4.

5.     Shield admits the allegations of paragraph 5.

1

6.      Shield admits that it is an enterprise engaged in commerce. Shield denies the remaining allegations of paragraph 6.

7.      Shield admits that it manages businesses and individuals engaged in pest-control services. Shield denies the remaining allegations of paragraph 7.

8.      Shield admits the allegations of paragraph 8.

9.      Shield denies the allegations of paragraph 9.

10.     Shield admits the allegations of paragraph 10.

11.     Shield admits that Plaintiff received tips. Shield denies the remaining allegations of paragraph 11.

12.     Shield denies the allegations of paragraph 12.

13.     Shield denies the allegations of paragraph 13.

14.     Shield denies the allegations of paragraph 14.

15.     Shield admits that Plaintiff has attached as Exhibit A to the Complaint his purported "preliminary calculation" of his claims. Shield denies the remaining allegations of paragraph 15, including but not limited to the information contained in Exhibit A.

16.     Shield is without information as to the truth or falsity of the allegations in paragraph 16 and therefore denies them.

## <u>COUNT I</u>

### <u>ALLEGED VIOLATION OF THE FAIR LABOR STANDARDS ACT</u>

17.      Shield incorporates by reference its answers and responses to all prior paragraphs of the Complaint as if fully set forth therein.

18.     The allegations of paragraph 18 state legal conclusions to which no response is required. To the extent a response is required, Shield denies the allegations of paragraph 18.

19.     The allegations of paragraph 19 state legal conclusions to which no response is required. To the extent a response is required, Shield denies the allegations of paragraph 19.

2

127835420.2

**PRAYER FOR RELIEF**

Shield denies that Plaintiff is entitled to any of the relief sought in the unnumbered "WHEREFORE" paragraph of the Complaint or to any other relief.

**AFFIRMATIVE DEFENSES**

Shield alleges the following affirmative defenses:

1.     The Complaint and each and every purported claim for relief alleged therein fails to state any claim up on which relief can be granted.

2.     Plaintiff has failed to exercise reasonable diligence to mitigate his harms/damages (if any were in fact suffered, which is expressly denied) and, therefore, is barred from recovering any damages or any damages awarded should be reduced accordingly.

3.     Plaintiff's Complaint and each and every purported claim for relief alleged therein is barred by the doctrine of estoppel.

4.     Plaintiff's Complaint and each and every purported claim for relief alleged therein is barred by the doctrine of waiver.

5.     Plaintiff's Complaint and each and every purported claim for relief alleged therein is barred by the doctrine of laches.

6.     Plaintiff's Complaint and each and every purported claim for relief alleged therein is barred by the doctrine of unclean hands.

7.     Plaintiff's Complaint and each and every purported claim for relief alleged therein is barred by the doctrine of unjust enrichment.

8.     Shield at all times acted in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, and/or interpretations of government agencies and/or the administrative practices or enforcement policies of government agencies.

9.     Shield is entitled to a setoff for amounts Plaintiff owes it for damages and/or other legal or equitable remedies based on and/or resulting from his wrongful conduct against Shield, including

127835420.2

without limitation his receipt of any wages and other benefits to which he was not entitled and/or did not earn.

10. Plaintiff's Complaint and each and every purported claim for relief alleged therein is barred and/or recovery is precluded, in whole or in part, because Shield's conduct was not willful.

11. Plaintiff's Complaint and each and every purported claim for relief alleged therein is barred because any losses are *de minimis* and cannot be recovered.

12. Although Shield generally and specifically denies that it owes any amounts to Plaintiff, if it should be determined that any amounts are owed, Shield alleges that at all times herein reasonable, good faith disputes existed as to whether any such amounts were owed.

13. Any recovery on Plaintiff's Complaint with respect to the allegations for failure to pay wages or other compensation is barred because Plaintiff was paid all compensation and benefits to which he was entitled and to which he voluntarily agreed and expected.

14. Plaintiff's Complaint and each and every purported claim for relief alleged therein is barred by the doctrines of waiver, ratification, acquiescence, consent, and/or agreement based on his acceptance of wages paid to them throughout his employment without protest.

15. Plaintiff's Complaint and each and every purported claim for relief alleged therein is barred on that grounds that he lacks standing because, among other things, he has not suffered any injury in fact and has not lost money or property.

16. Plaintiff's Complaint and each and every purported claim for relief alleged therein is barred, in whole or in part, because, to the extent Plaintiff might be owed anything (which Shield denies), he unreasonably failed to avail himself of preventative or corrective opportunities, including but not limited to internal procedures of Shield to remedy claims of the type asserted in the Complaint.

17. Plaintiff's Complaint and each and every purported claim for relief alleged therein is barred because Shield was only required to and did substantially comply with all applicable laws.

18. Plaintiff's Complaint and each and every purported claim for relief alleged therein is

4

127835420.2

barred because of the existence of a *bona fide* dispute as to whether any further compensation is actually due to Plaintiff and, if so, the amount thereof.

19. Plaintiff's Complaint and each and every purported claim for relief alleged therein is barred because any action taken by Plaintiff was committed outside the course and scope of such employees' employment, was not authorized, adopted, or ratified by Shield, and/or Shield did not know of nor should it have known of such conduct.

20. Assuming *arguendo* that the injuries or damages contained in Plaintiff's Complaint occurred, such injuries were proximately caused by and/or were contributed to by Plaintiff's own acts or failures to act.

21. Shield reserves the right to assert any additional defenses or affirmative defenses that may apply pending further discovery, and nothing contained in this Answer should be construed as a waiver of any such additional defenses.

## SHIELD'S PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint and having asserted its affirmative defenses thereto, Shield prays for the following relief:

1. That Plaintiff's Complaint be dismissed with prejudice and without costs;

2. That Shield be awarded its attorney fees and costs and any other statutory costs and disbursements herein to which they may be entitled under applicable law; and

3. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Shield hereby demands that any and all issues raised in this cause shall be resolved by jury trial.

127835420.2

Respectfully submitted on this 2nd day of April 2025.

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Courtney C. Wenrick*
Nathan A. Searles (Florida SBN 572551)
Courtney C. Wenrick (Florida SBN 1014219)
**WOMBLE BOND DICKINSON (US) LLP**
400 Spectrum Center Drive, Suite 1700
Irvine, California 92618
Telephone: (714) 557-3800
Facsimile: (714) 557-3347

Attorneys for Defendant *The Shield Co Management, LLC*

6

127835420.2

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2025, a true and accurate copy of the foregoing document was served through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ *Courtney C. Wenrick*
Courtney C. Wenrick

7

127835420.2